LAMB et al. v. STEVENS.

(Circuit Court, D. Massachusetts. May 21, 1897.)

PATENTS—VALIDITY AND INFRINGEMENT—EYE SHIELDS.

The Lamb patent, No. 540,746, for an improvement in eye shields, whereby the device is made to cover, protect, and practically inclose a considerable portion of the face adjacent to the eyes, without obstructing the vision in any direction, discloses a patentable, though somewhat narrow, invention.

This was a suit in equity by Benjamin F. Lamb and others against Edward G. Stevens for alleged infringement of a patent for an improvement in eye shields or guards.

Lange & Roberts, for complainants.

Louis W. Southgate, for defendant.

COLT, Circuit Judge. This suit is brought for the infringement of letters patent No. 540,746, issued June 11, 1895, to the complainant Benjamin F. Lamb, for an improvement in an eye shield or guard. The claims relied upon are numbered 1, 2, 12, 13, and 15.

The specification says:

"My invention relates especially to a flexible nonheat conducting eye shield, which is particularly adapted for use as protection from the weather, and by mechanics in various occupations as a guard against sparks, dust, or other flying substance, and is designed as an improvement on the device shown in my United States letters patent numbered 450,515, dated April 14, 1891. * * * My device is particularly applicable for use in driving, as a protection against rain, snow, and flying particles, and in such use perfect ventilation is absolutely essential. Extreme lightness and flexibility and enlarged lenses are also essential for such uses, none of which properties are possessed by devices heretofore made."

Adopting in part the description of Mr. Livermore, complainants' expert, the patented device is so constructed as to cover, protect, and practically inclose a considerable portion of the face adjacent to the eyes, without obstructing the vision in any direction. It is made flexible, so as to conform readily to the general curvature of the face. It is of light weight, and is held securely in place before the eyes, so as in no wise to incommode the wearer. It has two lenses or plates, constructed of mica or other similar flexible, transparent material. In order to enable the lenses to be securely held in proper position before the eyes, they are provided with a binding or frame extending around their edges, and serving to connect them together, and to afford a protection for their edges; and, in order that the lenses may be supported at a sufficient distance from the eyes to prevent contact with the eyelids, they are provided with a cushion or strip extending around their periphery, and projecting from the inner surface thereof. The cushion thus supports the lenses a short distance in front of the eyes, and at the same time closes the space between the face of the wearer and surface of the lenses sufficiently to afford protection to the eyes. This cushion has to be flexible in order to conform to the general curvature of the face, and it should also be soft, so as not to discomfort the wearer, and it should be of light weight. "Felt or other light, flexible material" is named in the patent as the material of which

the cushion is composed.   In order to provide for sufficient venti-
lation, while at the same time affording sufficient protection, the
felt cushion is provided with notches or perforations, which permit
the circulation of air in the space between the face and the lenses.

The main defense in this case is anticipation, and the patent chiefly
relied upon is the Genese patent, of March 18, 1884, which is sub-
stantially the same as the Lake English patent, No. 5,086, of the
same date.   The Genese patent is for a "flexible air-tight eye guard."
The specification declares that the object of the invention "is to
provide an eye guard for firemen and employés of metal working
and chemical manufacturers, which shall be practically impervious
to smoke, the fumes of acids, or to noxious vapors of all kinds, as
well as an effectual protection against flying particles of metal,
grit, or finely divided matter floating in the atmosphere."   In the
Genese device the lenses are held in a metallic frame, composed of
thin plates of flexible material, such as lead or copper, and a rubber
cushion extends around the periphery of the metal frame.   The
purpose of the Genese patent is to produce an air-tight cover for the
eyes.   It has neither the flexibility, lightness, nor the ventilation of
the Lamb patent, nor was it designed for the same specific purpose;
and, although the Lake specification describes a form of the Genese
device in which air may be admitted into the space between the guard
and the eyes, yet it is clear that this mode of ventilation is radically
different from the notches and perforations of the Lamb patent.

While the range of invention in the Lamb patent is somewhat nar-
row, in view of what was old, yet, in my opinion, it was a patentable
improvement over what previously existed.   The device was new and
useful, and its utility is shown by the large demand for this form
of eye shield.   Upon the question of infringement it is apparent that
the defendant's eye shield is substantially identical with that de-
scribed in the Lamb patent.   A decree may be entered for the com-
plainants.